6. At and during all times hereinafter mentioned, Plaintiff Seth was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Seychelles, with an office and principal place of business located at 8 Odco Complex, Victoria, P.O.B. 371, Mahe, Seychelles. Seth, at all times hereinafter mentioned, is an NVOCC.

7. Upon information and belief, the Defendants are over a hundred shippers, consignees, owners, holders, or assignees of Zim and Seth's bills of lading relative to cargos stored in hold no.5 of the M/V ZIM HAIFA who are, upon information and belief, known to be located at the addresses provided in the list attached under Exhibit 1.

8. Upon information and belief, Defendant(s) Companies XYZ 1 to 30 is an or are entity(ies) residing in P.R. China, in the United States, or abroad, and who are or could be Claimants against Plaintiffs for damages caused to their cargo as a result of the fire aboard the M/V ZIM HAIFA.

## BACK GROUND FACTS

9. On or about June 3, 2007, a fire erupted aboard the M/V ZIM Haifa, a vessel operated by Zim and owned by Koron on a trade route between the Far East and the East Coast of the United States, while the vessel was at sea in the Pacific Ocean, about 2 days out of Panama.

10. Seth acted as an NVOCC and cooperated with Zim for the carriage of containers aboard the V/V ZIM HAIFA under bills of lading issued by Seth.

11. The crew fought the fire identified to be in hold no. 5 while the vessel increased speed to full in order to arrive more quickly at Balboa, Panama, for assistance.

12. On or about June 4, around 10:30 am, the vessel arrived at Balboa where firefighters boarded the vessel to control the fire and cool down the holds.

13. On or about June 8, the hold no. 5 was opened and the damage was surveyed.

14. The cause of fire and explosions has been traced to a 20 foot container, ZIMU1037636, transported under the Bill of Lading number ZIMUNGB670904, which was found to contain a substance called "Calcium Hypochlorite".

15. Calcium Hypochlorite is an extremely dangerous cargo. It is classified as a hazardous and dangerous material by the International Marine Organization and United Nations, and in the International Maritime Dangerous Goods Code. It can explode and ignite at a relatively low temperature. It must be declared by the shipper as dangerous or hazardous material to the ocean carrier under the terms of the Bill of Lading and under the international conventions.

16. Zim has refused to carry Calcium Hypochlorite since 2002 as a result of the explosion of several containers containing such hazardous product aboard vessels operated by other companies causing the destruction of entire ships, or severely damaging them.

**Misrepresentation of the Cargo By the Shipper Of Bill of Lading ZIMUNGB670904**

17. The sealed container ZIMU1037636 which was found by investigators after the incident to contain "Calcium Hypochlorite", was declared by its shippers on the face of Bill of Lading number ZIMUNGB670904 to contain "Calcium Chloride."

18. Calcium Chloride is a harmless and non flammable material.

19. The true nature of the cargo has been concealed from Plaintiff Zim and misrepresented on the Bill of Lading.

20.  As a consequence of this concealment and the fire and explosions of the concealed product aboard the M/V ZIM HAIFA, Plaintiffs suffered damage to the hull and machinery in hold no. 5 where the above mentioned container was stowed, damage to their containers, personal injury to three crew members, delays and expenses in fighting the fire, the expenses and costs of removing and storing damaged cargo on the pier, investigating the matter, transshipping expenses. All these actual damages can be best estimated at US$3,096,694.00 as of June 2007 for Zim only.

21.  Plaintiffs are also facing potential cargo claims from any and all Claimants for the damages caused to the containers of goods which were stowed in hold no. 5.

22.  Zim sued the shippers of Bill of Lading number ZIMUNGB670904 and their agents before the District Court of Southern District of New York on June 20, 2007 in an action docketed 07-cv-5861 before Judge Richard M. Berman for breach of contract, breach of warranty, strict liability, negligent misrepresentation, fraud and for declaratory judgment. Attached hereto as Exhibit 2 is a true and accurate copy of the complaint filed before this Court in the action docketed 07-cv-5861.

### Damages Caused To Claimants

23.  Outturn surveys have been conducted at several ports of arrival of the M/V ZIM HAIFA and all the containers stowed in hold no. 5 seem to have suffered from the fire at various degrees.

24.  The content of many containers stowed in hold no. 5 is believed to have been destroyed, or damaged, in whole or in part.

25. Zim has already been contacted by some Claimants to participate to damage surveys.

26. Plaintiffs commence this action for declaratory relief against the Claimants in order to clear them from any liability in this fire, to provide one forum for all the anticipated litigation that the Claimants are likely to commence against Plaintiffs in multiple jurisdictions all over the world as a result of the damages caused by the fire, and for a better administration of justice given that this Court entertains the other pending action docketed <u>07-cv-5861</u> against the parties reasonably believed to be responsible for the fire.

### Declaratory Relief Will Settle Controversy And Is Wise Administration Of Justice

27. Plaintiffs are not at fault in the fire that broke out in the M/V ZIM Haifa.

28. Plaintiffs cannot be held responsible by the shippers of cargos which suffered damages as a result of the fire under the Carriage of Goods by Sea Act, the Hague-Visby rules if applicable, or the governing terms and conditions of Zim's bill of lading which binds all the Claimants in this action. Attached hereto as Exhibit 3 is a true and accurate copy of the terms and conditions Zim and Seth's bill of lading.

29. The relief sought by Plaintiffs will settle the controversy against the Claimants.

30. Declaratory relief is appropriate to clarify and settle the legal relations in issue between Plaintiffs and Claimants, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise by the fire caused by the concealed hazardous product aboard the M/V ZIM HAIFA.

31. Moreover, Claimants are bound by the choice of forum clause under section 24 of Zim and Seth's bills of lading which provides:

> All and any claims and/or disputes arising under this Bill of Lading or in connection therewith shall be brought before and determined by the courts and in accordance with the law at :
> (a)   the place where the Carrier has its Head Office, namely Haifa, Israel
> OR
> (b)   if the cargo originates in or is destined for the U.S.A., **by the United States District Court for the Southern District of New York, N.Y., USA.**
> Each of the above courts, respectively, shall have exclusive jurisdiction and, therefore, no proceedings shall be brought before any other court.

Zim's bill of lading, Section 24 (emphasis added).

> All and any claims and/or disputes arising under this Bill of Lading or in connection therewith shall be brought before and determined by the courts and in accordance with the law at :
> (c)   Hong Kong
> OR
> (d)   if the cargo originates in or is destined for the U.S.A., **by the United States District Court for the Southern District of New York, N.Y., USA.**
> Each of the above courts, respectively, shall have exclusive jurisdiction and, therefore, no proceedings shall be brought before any other court.

Seth's bill of lading, Section 24 (emphasis added).

32.  The containers of twenty eight bills of lading out of ninety one bills of lading stowed in hold no. 5 were destined to the United States.

33.  All the other containers were destined to Central America or South America.

34.  Zim has commenced an action in this Court against the shippers and/or their agents responsible for the fire.

35.  Declaratory relief in this Court will enable the Plaintiffs to resolve this matter of liability and indemnity before one Court.

36.  Declaratory relief will also enable Claimants to more effectively pursue their claims against the parties responsible for the fire.

37.  This action for declaratory relief is practical for all parties and constitute a wise judicial administration by this Court.

## DECLARATORY JUDGMENT
## FOR THE EXCLUSION OF LIABILITY OF PLAINTIFFS
## FOR CARGO LOSS DUE TO FIRE

38.     Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

39.     A carrier may not be held liable under 46 U.S.C. § 1304(2)(b) for loss or damage arising or resulting from fire, unless caused by the actual fault or privity of the carrier.

40.     Moreover, under the fire statute, 46 app. U.S.C. § 182:

> No owner of any vessel shall be liable to answer for or make good to any person any loss or damage, which may happen to any merchandise whatsoever, which shall be shipped, taken in, or put on board any such vessel, by reason or by means of any fire happening to or on board the vessel, unless such fire is caused by the design or neglect of such owner.

41.     The fire caused aboard the M/V ZIM HAIFA is due to the ignition of "Calcium Hypochlorite" shipped without the consent, or knowledge of Plaintiffs by the shipper of container ZIMU1037636.

42.     Such fire was not caused by the actual fault or privity of Plaintiffs.

43.     Such fire was not caused by the design or neglect of Plaintiffs.

44.     Plaintiffs cannot therefore be held liable for cargo losses caused to the Claimants as a result of such fire.

45.     Plaintiffs respectfully seek the Declaration by this Honorable Court that their liability to the Claimants be totally excluded under either the fire statute, and/or under 46 U.S.C. § 1304(2)(b), as well as the other defense set forth in 46 U.S.C. § 1304(2)(a) and (q) and the terms of the Bill of Lading contract.

## EXCLUSION OF LIABILITY FOR CARGO LOSS
## DUE TO HAZARDOUS PRODUCTS

46. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

47. The shipper of goods of an inflammable, explosive, or dangerous nature to the shipment whereof the carrier has not consented with knowledge of their nature and character, shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment. 46 U.S.C. § 1304(6).

48. Under section 14(b) of Zim and Seth's Bills of Lading:

> The Merchant only shall be liable and shall indemnify the Carrier and any other party or legal body for all expenses, loss or damage caused to the vessel, to a cargo, whether on board or ashore, to the Carrier and to any other(s) as a result of his failure to comply with the terms set for in paragraph (a) of this Clause.

49. The shipper of container ZIMU1037636 and/or its agents failed to inform in writing the carrier of the exact nature of the goods shipped under Bill of Lading ZIMUNGB670904 and did not indicate any precautions to be taken in violation of section 14(a) of Zim's Bill of Lading.

50. The shipper of container ZIMU1037636 and/or its agents violated section 14(a) of Zim's bill of lading and all relevant requirements of any applicable regulations, international and local rules on dangerous or hazardous goods.

51. Such failure proximately caused the fire which damaged Plaintiffs' vessel and property, and Claimants' cargos.

52. Plaintiffs have not consented to the shipment of these dangerous goods and had they known of their true nature, they would not have accepted them for carriage.