# EXHIBIT 2

**COMPLAINT FILED IN ACTION DOCKETED 07-CV-5861 (RMB)**

Vincent M. DeOrchis (VMD-6515)
William E. Lakis (WL-9355)
Olivier D. L. DuPont (OD-2817)
DEORCHIS WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ZIM INTEGRATED SHIPPING SERVICES,
LTD.,

                                              Plaintiff,

          - against -

BELCO RESOURCES, INC., SINOCHEM
JIANGSU CORPORATION, NANJING HUABIN
FOREIGN TRADE & ECONOMICS CO., LTD.,
HUABANG INTERNATIONAL, INC.,
SINOTRANS NINGBO INTERNATIONAL
FORWARDING AGENCY CO., LTD.,
JOHN DOE 1-10,

                                              Defendants.
------------------------------------------------------X

RECEIVED
JUN 20 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**Judge Berman**

**07 CIV 5861**

Case No. _____

**VERIFIED COMPLAINT
AND RULE B ATTACHMENT**

Plaintiff ZIM INTEGRATED SHIPPING SERVICES, LTD. ("Zim"), by its attorneys,

DeOrchis, Wiener & Partners, LLP, as and for its Complaint against Defendants BELCO

RESOURCES, INC. ("Belco"), SINOCHEM JIANGSU CORPORATION ("Sinochem

Jiangsu"), NANJING HUABIN FOREIGN TRADE & ECONOMICS CO., LTD. ("Huabin"),

HUABANG    INTERNATIONAL,    INC.    ("Huabang"),    SINOTRANS    NINGBO

INTERNATIONAL FORWARDING AGENCY CO., LTD. ("Sinotrans Ningbo"), and John

Doe 1 to 10, alleges upon information and belief, as follows:

## JURISDICTION AND VENUE

1.    This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1331.  This Court may exercise supplemental jurisdiction over Zim's state law claims pursuant to 28 U.S.C. § 1367.

2.    Venue is proper under 28 U.S.C. §§ 1391 (c) and (d ), and under section 24 of Zim's Bill of Lading terms and conditions.

## PARTIES

3.    At and during all times hereinafter mentioned, Plaintiff Zim was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Israel, with an office and principal place of business located at 9 Andrei Sakharov Street, Matam P.O.B. 1723, Haifa, 31016 Israel.  Zim, at all times hereinafter mentioned, was engaged in the business of ocean transportation services.

4.    Upon information and belief, Defendant Belco was and still is a foreign corporation organized and existing under and by virtue of the laws of North Carolina with an office and principal place of business located at 146 Roundabout Ct., P.O. Box 8164, Rocky Mount, NC 27804.  Belco, at all times hereinafter mentioned, was engaged in the business of supplying fertilizers, industrial chemicals, and farm equipment.

5.    Upon information and belief, Defendant Sinochem Jiangsu was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 28F Shangmao Century Plaza, 49 Zhongshan South Road, Nanjing 210005, Jiangsu Province, P.R. China.  Sinochem Jiangsu, at all times

2

hereinafter mentioned, was engaged in the business of importing and exporting pharmaceutical and chemical products.

6.    Upon information and belief, Defendant Huabin was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5-6F, 51W Hankou Road, Nanjing 210024, Jiangsu Province, P.R. China.    It has also another address at 8/F Ruihua Building, 315 South Zhongshan Road, Nanjing 210001, Jiangsu Province, P.R. China.    Huabin, at all times hereinafter mentioned, is engaged in the business of handling and shipping goods.

7.    Upon information and belief, Defendant Huabang was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at Room B-33, 8F Centre Commercial Building, 54 Dashani Street, Ningbo, Zhejiang Province, P.R. China.    Huabang, at all times hereinafter mentioned, is engaged in the business of booking cargo and freight forwarding.

8.    Upon information and belief, Defendant Sinotrans Ningbo was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5th Floor Sinotrans Mansion, 69 Jie Fang South Road, Ningbo, Zhejiang Province, P.R. China.    Sinotrans Ningbo, at all times hereinafter mentioned, is engaged in the business of freight forwarding at Ningbo Port.

9.    Upon information and belief, Defendant(s) John Doe(s) 1 to 10 is an or are entity(ies) residing in P.R. China, in the United States, or abroad, and who are liable under any cause of action herein to Zim.

3

## BACK GROUND FACTS

10.     On or about June 3, 2007, a fire erupted aboard the M/V ZIM **Haifa**, a vessel operated by Zim on a trade route between the Far East and the East Coast of the United States, while the vessel was at sea in the Pacific Ocean, about 2 days out of Panama.

11.     The crew fought the fire identified to be in hold no. 5 while the vessel increased speed to full in order to arrive more quickly at Balboa, Panama, for assistance.

12.     On or about June 4, around 10:30 am, the vessel arrived at **Balboa** where firefighters boarded the vessel to control the fire and cool down the holds.

13.     On or about June 8, the hold no. 5 was opened and the damage was **surveyed**.

14.     The cause of fire and explosions has been traced to a **20 foot container**, ZIMU1037636, transported under the Bill of Lading number ZIMUNGB670904, **which was** found to contain a substance called "Calcium Hypochlorite".

15.     Calcium Hypochlorite is an extremely dangerous cargo. It is **classified as a** hazardous and dangerous material by the International Marine Organization and United Nations, and in the International Maritime Dangerous Goods Code. It can explode and **ignite at a** relatively low temperature. It must be declared by the shipper as dangerous or hazardous material to the ocean carrier under the terms of the Bill of Lading and under the international conventions.

16.     Zim has refused to carry Calcium Hypochlorite since 2002 as a result of the explosion of several containers containing such hazardous product aboard vessels operated by other companies causing the destruction of entire ships, or severely damaging them.

4

17.    As a result of the fire and explosions aboard the M/V ZIM HAIFA, Zim suffered damage to the hull and machinery in hold no. 5 where the above mentioned container was stowed, damage to its containers, personal injury to three crew members, delays and expenses in fighting the fire , the expenses and costs of removing and storing damaged cargo on the pier, investigating the matter, transshipping expenses, and potential cargo claims for the containers of goods which were stowed in the hold.

## Misrepresentation of the Cargo In The Bill of Lading

18.    The sealed container, ZIMU1037636, which was found by investigators after the incident to contain "Calcium Hypochlorite", was declared by the defendants on the face of Bill of Lading number ZIMUNGB670904 to contain "Calcium Chloride." A true and accurate copy of the Bill of Lading is attached as Exhibit A and annexed and incorporated into this Complaint.

19.    Calcium Chloride is a harmless and non flammable material.

20.    Defendants provided Zim with a Certification for Safe Transport of chemical Goods prepared by the Shanghai Research Institute of Chemical Industry Testing Centre, declaring the cargo to not be flammable, and not to present any explosive hazard, and not to have any "hazards identification". A true and accurate copy of the Laboratory Certification is Attached as Exhibit B, and annexed and incorporated into this Complaint.

21.    Defendants provided Zim with a Dock Receipt in which the cargo sealed inside container ZIMU1037636 is erroneously declared on the document to be "calcium chloride". A true and accurate copy of the Dock Receipt is attached at Exhibit C, and is annexed and incorporated into this Complaint.

5

22.    The true nature of the cargo has been concealed from Zim and misrepresented on the Bill of Lading.

23.    Belco appears as the shipper on the Bill of Lading number ZIMUNGB670904 (Exhibit A).

24.    The President of Belco admitted to Zim on June 11, 2007, that Belco had placed a purchase order with Sinochem Jiangsu, a trading company located in China, for the supply and shipping of 444 drums of Calcium Hypochlorite, the hazardous and dangerous instable substance, and not for Calcium Chloride as described in the Bill of Lading.

25.    The purchase order indicated that the shipment was "C.I.F. Belize" and provided for "shipping instructions". Those "shipping instructions" by Belco required Sinochem Jiangsu to name the shipper on the Bill of Lading as "Belco Resources, Inc." and the consignee as "To Order". A true and accurate copy of the Purchase Order is attached as Exhibit D, and is annexed and incorporated into this Complaint.

26.    Sinochem Jiangsu, based in Nanjing, China, hired Huabin, also located in Nanjing, to handle the export of the subject hazardous and dangerous cargo from China to Belize.

27.    Huabin in turn contracted with Huabang in the port of Ningbo, to book the ocean transportation of said hazardous and dangerous cargo.

28.    Huabang then contacted Sinotrans Ningbo which placed the booking of the hazardous and dangerous cargo with Zim.

29.    The Export Customs Declaration for the government of China was handled by Ningbo Global Cargo. Co., Ltd.

6

30.    Initially, the booking made by Sinotrans Ningbo with Zim identified Huabang as the "shipper."

31.    During the booking of the cargo for transportation, the goods inside the sealed container, ZIMU1037636, were described by Defendants to the agent of Zim as being "calcium chloride".

32.    At some point in the process and apparently before the date of loading, Sinotrans Ningbo requested to change the shipper from Huabang to Belco.

AS FOR A FIRST CAUSE OF ACTION<br>
FOR BREACH OF CONTRACT<br>
AS AGAINST ALL DEFENDANTS

33.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

34.    Section 14(a) of Zim's Bill of Lading terms and conditions provide that:

(a)    When the Merchant delivers goods of a dangerous or hazardous nature to the Carrier, he shall inform him in writing of the exact nature of the danger and indicate, if necessary, the precautions to be taken. Such goods shall be distinctly marked on the outside so as to indicate the nature thereof and so as to comply with any requirements of any applicable regulations, including regulations contained in any relevant applicable international treaty or convention.

35.    Section 17(a) of Zim's Bill of Lading terms and conditions also provide, in substantial part, that:

(a)    The Merchant warrants the correctness of the declaration of contents, quantity, nature, definition, weight, measurement or value of the goods, whether containerized or not,.... The Merchant shall be responsible for all consequences of incorrect declarations as aforesaid including fines that may be imposed as a result thereof, irrespective of whether or not inspection as aforesaid has taken place.   Merchant warrants that the subject

7

cargo is being shipped in compliance with every applicable law, regulation or directive.

36.     Zim's Bill of Lading defines a "Merchant" as "jointly and severally the shipper, the consignee, the holder and any assignee of this Bill of Lading."

37.     Each one of the Defendants is either the shipper, the consignee, the holder, an assignee, or their respective agent, in respect to Bill of Lading number ZIMUNGB670904.

38.     Each or any one of the Defendants failed to indicate in writing to Zim the hazardous or dangerous nature of the Calcium Hypochlorite packed in the 444 drums and sealed in container number ZIMU1037636.

39.     Each and every one of the Defendants breached its obligation to declare the dangerous goods as defined in the International Maritime Dangerous Goods Code by the International Maritime Organization.

40.     Each and every one of the Defendants breached Section 14(a) of Zim's Bill of Lading terms and conditions.

41.     Such failure to correctly describe the nature of the goods as "Calcium Hypochlorite" on the Bill of Lading constitutes for each and everyone of the Defendants a breach of its warranties under the applicable international conventions and national laws, as well as Section 17(a) of Zim's Bill of Lading terms and conditions, to correctly and accurately declare the content, nature, and definition of the goods shipped.

42.     If the Defendants had accurately described to Zim the goods carried under the subject Bill of Lading, or if Defendants had indicated in writing to Zim the hazardous or dangerous nature of the Calcium Hypochlorite sealed in container ZIMU1037636, the damage would not have happened.

8

43.    Zim has adopted for many years a policy to refuse to transport Calcium Hypochlorite onboard any of its vessels.

44.    The Defendants are consequently jointly and severally liable to Zim for the loss or damage to containers, for the damage to the hull and machinery of the M/V ZIM HAIFA, for the loss of use and the capacity of the said vessel, for the personal injury to three crew members, for the delays and expenses in fighting the fire, for the expenses and costs of removing and storing the damaged cargo, for the transshipping expenses, and for any and all other proximately caused damages.

### AS FOR A SECOND CAUSE OF ACTION
### FOR BREACH OF WARRANTY
### AS AGAINST ALL DEFENDANTS

45.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

46.    The failure of Defendants to accurately describe the nature of the goods on the Bill of Lading constitutes a breach of the warranty of particulars provided under international conventions, and codified in the United States under 46 U.S.C. § 1303(5) and § 1304(6) as well as under the common maritime law.

47.    Such breach by Defendants proximately caused the fire onboard the M/V ZIM HAIFA.

48.    Each one of the Defendants is jointly and severally responsible for inaccurately describing the nature of the cargo as "Calcium Chloride" instead of "Calcium Hypochlorite".

49.    Such Defendants are liable to Zim for all losses, damages, and expenses arising or resulting from the inaccuracies in the particulars of Bill of Lading number ZIMUNGB670904.

### AS FOR A THIRD CAUSE OF ACTION
### FOR STRICT LIABILITY
### AS AGAINST ALL DEFENDANTS

50.    Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

51.    A shipper of hazardous or dangerous goods is strictly liable for damages resulting directly or indirectly from such shipments.

52.    The Defendants are responsible for shipping "Calcium Hypochlorite," a dangerous substance, aboard the M/V ZIM HAIFA on a container under Bill of Lading ZIMUNGB670904.

53.    Calcium Hypochlorite qualifies as a "good of an inflammable, explosive, or dangerous nature."

54.    Zim had no knowledge, and could not have had knowledge, that the goods shipped under Bill of Lading number ZIMUNGB670904 were of a dangerous or hazardous nature because the goods were declared and labeled by Defendants as "Calcium Chloride," a non-dangerous and non-hazardous substance.

55.    Each and every one of the Defendants can be characterized as the seller of the subject dangerous goods, and each and every one of the Defendants placed the subject cargo into the stream of commerce.

56.    Such hazardous and dangerous goods in container number ZIMU1037636 caused damages to containers and their contents, the vessel, injured crew members that fought the fire, and resulted in many other losses and expenses for Zim.

57.    Each and every one of the Defendants are liable for such damages resulting directly or indirectly from said shipment.

10