## AS FOR A FOURTH CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION
## AS AGAINST ALL DEFENDANTS

58. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

59. Defendants failed to disclose to Zim that the goods shipped under Bill of Lading number ZIMUNGB670904 were of a hazardous or dangerous nature.

60. As described in more detail above, the Defendants' description of the particulars on Zim's Bill of Lading contained false and/or misleading information as to the dangerousness nature of the products shipped inside sealed container ZIMU1037636.

61. Such false and/or misleading representations were material to Zim's decision to accept and transport the shipment.

62. Defendants failed to exercise reasonable care in communicating to Zim the nature of goods to be shipped under Bill of Lading ZIMUNGB670904.

63. Zim relied on the truthfulness and completeness of the information disclosed by the Defendants in the subject Bill of Lading (Exhibit A), the Dock Receipt (Exhibit B), and the Certification for Safe Transport (Exhibit C) and such reliance was justified.

64. Zim has suffered damages and may continue to suffer additional damages as a result of Defendants representations and omissions.

65. Defendants' tortious activities have caused Zim substantial and irreparable injury in an amount to be determined at trial.

## AS FOR A FIFTH CAUSE OF ACTION
## FOR FRAUD
## AS AGAINST ALL DEFENDANTS

66. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

67. As set forth more fully above, Defendants made a number of material misrepresentations and/or omissions to Zim upon which it relied and had a right to rely.

68. Defendants intentionally, or with knowledge, concealed from Zim the true nature of the goods ships under Bill of Lading number ZIMUNGB670904, because had they declared that the goods in the sealed container were in fact Calcium Hypochlorite, Zim would not have accepted or transported such goods.

69. Defendants intentionally and expressly misrepresented the nature of the goods as "Calcium Chloride" in order to conceal the real and dangerous nature of the cargo actually sealed in container ZIMU1077636, which was in fact "Calcium Hypochlorite."

70. Defendants intentionally, or with knowledge, provided Zim with a Certification for Safe Transport (Exhibit C) confirming that the cargo was non flammable and not dangerous.

71. The true nature of the cargo was concealed by Defendants from Zim and misrepresented on the Bill of Lading and the Dock Receipt (Exhibit B).

72. Zim reasonably relied on Defendants' representations and documentation by accepting to transport the subject goods.

73. Defendants acted in concert and worked together in furtherance of the fraud.

74. Upon information and belief, Defendants made each misrepresentation and/or omission described above with knowledge that the misrepresentations and/or omissions were false, or with the intent that Zim would rely on such misrepresentations and/or omissions.

12

75. Zim was unaware of the falsity of Defendants' representations and/or omissions.

76. As a result of Zim's reliance upon the misrepresentations and omissions alleged herein, Zim has been damaged in an amount to be determined at trial.

77. By making these false representations and/or omissions, Defendants acted maliciously and intentionally so as to give rise to an award of punitive damages.

## JOINDER OF CLAIM FOR DECLARATORY JUDGMENT

78. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

## JURISDICTION

79. This Court has jurisdiction over this joined claim pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1331.

## VENUE

80. Venue is properly placed under 28 U.S.C. §§ 1391 (c) and (d), and under Section 24 of Zim's Bill of Lading terms and conditions.

## EXCLUSION OF LIABILITY FOR CARGO LOSS DUE TO FIRE

81. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

82. A carrier may not be held liable under 46 U.S.C. § 1304(2)(b) for loss or damage arising or resulting from fire, unless caused by the actual fault or privity of the carrier.

83. Moreover, under the fire statute, 46 app. U.S.C. § 182:

> No owner of any vessel shall be liable to answer for or make good to any person any loss or damage, which may happen to any merchandise whatsoever, which shall be shipped, taken in, or put

on board any such vessel, by reason or by means of any fire happening to or on board the vessel, unless such fire is caused by the design or neglect of such owner.

84. The fire caused aboard the M/V ZIM HAIFA is due to the ignition of "Calcium Hypochlorite" shipped without the consent, or knowledge of Zim.

85. Such fire was not caused by the actual fault or privity of Zim.

86. Such fire was not caused by the design or neglect of Zim.

87. Zim cannot therefore be held liable for cargo losses caused to the Defendants or to any other third parties as a result of such fire.

88. Plaintiff respectfully seeks the Declaration by this Honorable Court that Zim's liability to the Defendants, or to any third parties, which could claim damages for cargo losses as a result of said fire, if any, should be therefore totally excluded under either the fire statute, and/or under 46 U.S.C. § 1304(2)(b), as well as the other defense set forth in 46 U.S.C. § 1304(2)(a) and (q) and the terms of the Bill of Lading contract.

## EXCLUSION OF LIABILITY FOR CARGO LOSS DUE TO HAZARDOUS PRODUCTS

89. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

90. The shipper of goods of an inflammable, explosive, or dangerous nature to the shipment whereof the carrier has not consented with knowledge of their nature and character, shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment. 46 U.S.C. § 1304(6).

91. Under section 14(b) of Zim's Bill of Lading:

> The Merchant only shall be liable and shall indemnify the Carrier and any other party or legal body for all expenses, loss or damage caused to the vessel, to a cargo, whether on board or ashore, to the Carrier and to any other(s) as a result of his failure to comply with the terms set for in paragraph (a) of this Clause.

92. As described at length above, the Defendants have failed to disclose to Zim the dangerous character or nature of the goods shipped under Bill of Lading ZIMUNGB670904.

93. In so doing, the Defendants have failed to comply with applicable international and local rules on dangerous or hazardous goods, as well as to the terms of Zim's Bill of Lading.

94. Zim has not consented to the shipment of these dangerous goods and had it known, it would not have accepted such goods for carriage.

95. Plaintiff respectfully seeks the Declaration by this Honorable Court that as a result of Defendants' failure to comply with the contractual rules, laws and regulations on dangerous and hazardous substances, only the Defendants shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment of unauthorized "Calcium Hypochlorite."

## INDEMNIFICATION OR CONTRIBUTION BY SHIPPER FOR ANY THIRD-PARTY CLAIMS

96. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

97. Each or everyone of the Defendants is solely responsible for all damages and expenses directly or indirectly arising out of or resulting from the shipment of unauthorized "Calcium Hypochlorite" aboard the M/V ZIM HAIFA.

98. As a result of the foregoing, each and everyone of the Defendants should indemnify or contribute to Zim for any claims brought by third parties at any place in the world and in any legal forum against Zim in any place in the world, if any, for cargo losses as a result of said shipment of unauthorized "Calcium Hypochlorite", and for any amount it may be required to pay including costs, disbursements and reasonable attorneys' fees incurred in this action. Defendants have been given notice of the loss and informed of Zim's intention to seek indemnification for any claims, suits or judgments filed against Zim in any part of the world and in any legal forum.

### APPLICATION FOR ISSUANCE OF A RULE B ATTACHMENT

99. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

100. Each and everyone of the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, each and every Defendants have, or will have during the pendency of this action, assets within this District and subjects to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Deutsche Bank and/or Standard Chartered Bank, which are believed to be due and owing to the Defendants.

101. The total amount sought to be attached by Plaintiff pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims is US$3,096,694.00, plus interest and costs, representing the estimated damages sustained by ZIM as a result of this

incident. A true and accurate copy of Zim's calculation of damages is attached as Exhibit E and annexed and incorporated into this Complaint.

102.  The Plaintiff respectfully seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of each and every one of the Defendants, held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure and/or satisfy the plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

(a)  For Declaratory Relief that Zim's liability to the Defendants, or to any third parties, which could claim damages for cargo losses as a result of said fire, if any, should be totally excluded under either the fire statute, and/or under 46 U.S.C. § 1304(2)(b);

(b)  For Declaratory Relief that, as a result of its failure to comply with the contractual rules, laws and regulations on dangerous and hazardous substances, only the named Defendants, shall be liable for all damages and expenses directly or indirectly arising out of or resulting from such shipment of unauthorized "Calcium Hypochlorite".

(c)  For Judgment for Indemnification or Contribution as a consequence of claims, suits, judgments or awards brought by third parties against Zim in any place in the world, and in any legal forum for loss or damage to cargoes as a result of the fire aboard the M/V ZIM HAIFA, and for any amount Zim may be required to pay, including costs, disbursements and reasonable attorneys' fees incurred in those actions;

(d) For a Judgment to be entered in favor of Plaintiff on each and all of the Causes of Action above;

(e) For a Judgment awarding Plaintiff damages, as well as punitive damages as authorized by law;

(f) For a Judgment awarding Plaintiff its reasonable costs and expenses, including attorneys' fees incurred in connection with the prosecution of this action to the extent allowed by law;

(g) For a Judgment awarding Plaintiff such other and further relief as the Court may deem just and equitable;

(h) That process in due form of law issue against each one of the Defendants, citing each to appear and answer under oath all and singular the matters alleged in the Complaint;

(i) That since each one of the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Deutsche Bank, and/or Standard Chartered Bank, which are believed to be due and owing to the Defendants, in the amount of US$3,096,694.00 to satisfy and/or secure Plaintiff's

claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

(j) That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

Dated: New York, New York
June 20, 2007

DeOrchis Wiener & Partners, LLP
Attorneys for Plaintiff

By: _____
Vincent M. De Orchis, Esq. (VMD-6515)
William E. Lakis (WL-9355)
Olivier D. L. DuPont (OD-2817)
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700
Our File: 1236-689

W:\1236-689\Legals\Drafts\Drft Ver. Cmplt #4, 062007.Doc 6/20/07-

## VERIFICATION

Vincent M. DeOrchis declares and states that he is a partner in the law firm of DeOrchis, Wiener & Partners, LLP, attorneys for plaintiffs in this action, and that the foregoing Verified Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by Plaintiff; that the reason why the Verification is not made by Plaintiff is that Plaintiff is a corporation whose principal place of business is outside the New York County, and that due to the exigent nature of this proceeding it was not possible to obtain a Verification from Plaintiff; and that he is authorized to so verify.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2007

VINCENT M. DeORCHIS